1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12

LUIS FIGUEROA,

                       Petitioner,

13

      v.

14
15

DARRELL G. ADAMS,

16

                    Respondent.

17

_____/

1: 05 CV 01049 LJO WMW HC

FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS

18
19

      Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

20

U.S.C. Section 2254.  Respondent opposes the petition.

21

<b>PROCEDURAL HISTORY</b>

22

      Petitioner was convicted by a jury of one count of battery of a peace officer by gassing while

23

confined in state prison and one count of battery on a peace officer while confined in state prison.

24

The jury also found that Petitioner had suffered three prior convictions for serious and/or violent

25

felonies within the meaning of the "Three Strikes" law.  On August 19, 2003, the trial court

26

sentenced Petitioner to serve a term of twenty-five years to life in state prison.

27

      Petitioner filed a timely direct appeal to the California Court of Appeal, Fifth Appellate

28

District.   The Court of Appeal affirmed Petitioner's conviction and sentence in an unpublished

1 opinion in case number F044100.

2     Petitioner timely filed a petition for review with the California Supreme Court.  The court

3 denied review on December 22, 2004.

4     Respondent admits that Petitioner has exhausted his state judicial remedies as to the first two

5 of the three contentions raised in this petition.

6 **LEGAL STANDARDS**

7 JURISDICTION

8     Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

9 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

10 the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

11 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

12 the United States Constitution.  In addition, the conviction challenged arises out of the Kings County

13 Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

14 Accordingly, the court has jurisdiction over the action.

15     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

16 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

17 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

18 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

19 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

20 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

21 to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

22 AEDPA, thus it is governed by its provisions.

23 STANDARD OF REVIEW

24     This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

25 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

26 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

27     The AEDPA altered the standard of review that a federal habeas court must apply with

28 respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

1   Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

2   not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

3   involved an unreasonable application of, clearly established Federal law, as determined by the

4   Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

5   determination of the facts in light of the evidence presented in the State Court proceeding." 28

6   U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

7   Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

8   S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

9   concludes in its independent judgment that the relevant state-court decision applied clearly

10  established federal law erroneously or incorrectly."   Lockyer, at 1174 (citations omitted).  "Rather,

11  that application must be objectively unreasonable."  Id. (citations omitted).

12      When, as here, the California Supreme Court's opinion is summary in nature, this court

13  "looks through" that decision and presumes it adopted the reasoning of the California Court of

14  Appeal, the last state court to have issued a reasoned opinion.  See Ylst v. Nunnemaker, 501 U.S.

15  797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look

16  through" presumption that higher court agrees with lower court's reasoning where former affirms

17  latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000)

18  (holding federal courts look to last reasoned state court opinion in determining whether state court's

19  rejection of petitioner's claims was contrary to or an unreasonable application of federal law under §

20  2254(d)(1)).

21      While habeas corpus relief is an important instrument to assure that individuals are

22  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

23  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

24  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

25  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

26  determinations must be presumed correct, and the federal court must accept all factual findings made

27  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

28  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

1  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

2  1388 (9th Cir. 1997).

3  **DISCUSSION**

4  Ineffective Assistance of Counsel  - Bifurcation of Trial

5  Petitioner contends that defense counsel was ineffective for failing to move for a bifurcated

6  trial on his prior convictions.  Petitioner claims that trying the substantive crimes along with the prior

7  convictions caused his testimony to be impeached by the prior convictions.  Respondent disputes this

8  contention.

9  Prior to the commencement of trial, Petitioner decided to testify on his own behalf.  Defense

10  counsel gave this decision as the reason she was not asking for the trial on his prior convictions to be

11  bifurcated.  At trial, during cross examination, Petitioner admitted suffering a prior conviction for

12  "assault on a peace officer," in violation of section 245(c), and a prior conviction for robbery in

13  violation of section 211.  When questioned on cross-examination, Petitioner admitted the victim of

14  the 1998 assault was a female peace officer.  When asked whether he had a problem with female

15  officers, Petitioner responded; "No, they got a problem with me."  Petitioner was not questioned

16  about his second section 245(c) conviction or the great bodily injury enhancement that accompanied

17  it.

18  The law governing ineffective assistance of counsel claims is clearly established for the

19  purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe, 151

20  F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance

21  of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687, 104

22  S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must

23  show that counsel's performance was deficient, requiring a showing that counsel made errors so

24  serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.

25  Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an

26  objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were

27  not the result of reasonable professional judgment considering the circumstances.  Id. at 688; United

28  States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's

1   performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls

2   within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104

3   S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

4           Second, the petitioner must demonstrate that "there is a reasonable probability that, but for

5   counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner

6   must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose

7   result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was

8   fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78

9   F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

10          A court need not determine whether counsel's performance was deficient before examining

11   the prejudice suffered by the petitioner as a result of the alleged deficiencies.  Strickland, 466 U.S.

12   668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any

13   deficiency that does not result in prejudice must necessarily fail. However, there are certain instances

14   which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive

15   denial of the assistance of counsel or where the State has interfered with counsel's assistance. See

16   Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at

17   2046-2047, and n. 25 (1984).

18          Ineffective assistance of counsel claims are analyzed under the "unreasonable application"

19   prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

20   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state

21   court identifies the correct governing legal principle from [United States Supreme Court] decisions

22   but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at

23   413.  The habeas corpus applicant bears the burden to show that the state court applied United States

24   Supreme Court precedent in an objectively unreasonable manner.  Price v. Vincent, 538 U.S. 634,

25   640 (2003).

26          Penal Code Section 1025( b) provides that when a defendant pleads not guilty and denies

27   having suffered an alleged prior conviction, "the question whether or not the defendant has suffered

28   prior convictions shall be tried by the jury that tries the issue upon the plea of not guilty  .  .  ."

1   Under California law, bifurcation is not required, even upon request, when the jury would still learn

2   of the existence of the prior conviction before returning a verdict of guilty.  People v. Calderon, 9

3   Cal. 4th 69, 78 (1994).   This occurs when the existence of a defendant's prior conviction is "relevant

4   to prove matters such as the defendant's identity, intent or plan."  Id.  In such a case, the admission

5   of the prior conviction in the guilt phase has been held not to unduly prejudice a defendant.  Id.

6       Pursuant to California law, both assault with a deadly weapon on a police officer and robbery

7   are crimes of moral turpitude.  See People v. Guitierrez, 29 Cal.4th 1083, 1138-39 (200); People v.

8   Turner, 50 Cal.3d 668, 705 (1990).   Under California law, admission of a prior conviction for

9   impeachment purposes is not error, even though the prior offense is similar in some respects to the

10  charged crime.  Guitierrez, 28 Cal.4th at 1138-1139.

11      Evidence of other crimes is admissible in California where it tends to show guilty knowledge,

12  motive, intent or the presence of a common design or plan.  Evid. Code, § 1101(b).  A defendant

13  may be questioned about the details of a prior conviction if the prior is being used as a similar act of

14  misconduct.  People v. Allen, 42 Cal.3d 1222, 1271 (1986).

15      The court must agree with Respondent that in the present case, bifurcation was unnecessary

16  and would have been of no benefit to Petitioner because he had made clear his intention to testify at

17  trial.  It is undisputed that Petitioner's prior convictions were crimes of moral turpitude, on which

18  Petitioner could be impeached.  Given the fact that Petitioner would be impeached with his prior

19  felony convictions during his testimony, his priors would have been brought up during his trial on

20  the pending charges.   Thus, there was no reason to keep the prior convictions separate from the

21  pending charges.

22      Further, impeachment of Petitioner was limited.  The prosecution only asked Petitioner about

23  one of his two section 245(c) priors.  The prosecution referred to that prior only as "assaulting a

24  peace officer," and did not refer to the fact that this prior conviction was committed with either a

25  deadly weapon or with force likely to produce great bodily injury, both aggravating factors.  The

26  prosecution used the single fact that Petitioner assaulted two female officers in the past to

27  demonstrate acts of misconduct similar to the charged crimes.  Therefore, under California law, the

28  underlying fact that his victims in his prior crime were female law enforcement officers was

1    admissible at trial.  Evid. Code § 1101(b).

2         In light of all of the above, the court finds that Petitioner has failed to carry his burden of

3    demonstrating that this adjudication of his claim of ineffective assistance of counsel, subsequently

4    adopted by the California Supreme Court involved an unreasonable application of, clearly

5    established Federal law, as determined by the Supreme Court of the United States.  See  28 U.S.C.

6    § 2254(d).   Accordingly, the court concludes that this contention provides no basis for habeas

7    corpus relief.

8    Sufficiency of the Evidence

9         Petitioner contends that there was insufficient evidence admitted at trial to support his

10   conviction of battery of a police officer by gassing while confined in state prison.  He claims that it is

11   unreasonable to believe that the victim could immediately detect the distinctive odor of the liquid,

12   yet no medical attention was given and no laboratory evidence was presented

13        The law on insufficiency of the evidence claim is clearly established.  The United States

14   Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a

15   federal court must determine whether, viewing the evidence and the inferences to be drawn from it in

16   the light most favorable to the prosecution, any rational trier of fact could find the essential elements

17   of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Sufficiency

18   claims are judged by the elements defined by state law.  Id. at 324 n. 16.

19        Under Penal Code section 4501.1, the offense of gassing consists of the following three

20   elements:

21        1) a person was confined in state prison;

22        2) that person intentionally placed or threw, or caused to be placed or thrown, upon the

23        person of another, any human excrement or other bodily fluids or bodily substances or any

24        mixture containing human excrement or other bodily fluids or bodily substances that results

25        in actual contact with the other person's skin or membranes; and

26        3) the person whose skin or membranes were touched by the bodily fluid or excrement was a

27        peace officer or employee of the state prison.

28   In reviewing this issue, the Court of Appeal quoted the Jackson standard and then found in

1  part as follows:

2          Here, Officer Orozco was an employee and peace officer for a state prison upon
   whom Figueroa had thrown a white liquid substance that smelled like urine.  Figueroa was
3  the only one in his cell and had to open a food port to fling the substance at Orozco.  Though
   Orozco could not identify the fluid that hit her, Officer Morton, who was standing a few feet
4  away, testified the fluid smelled like urine.  Each element of the offense was proven by the
   prosecution  .   .   .   .

5

6  The Court of Appeal rejected Petitioner's claim that because Morton's testimony was uncorroborated

7  it was unreliable, finding that the prosecution was entitled to rely on Morton's sense of smell to

8  prove what was thrown on Orozco.

9          Petitioner has presented nothing showing any error on the part of the Court of Appeal.  This

10 court finds, therefore, that Petitioner has failed to demonstrate that this adjudication of his claim of

11 insufficiency of the evidence, subsequently adopted by the California Supreme Court "resulted in a

12 decision that was contrary to, or involved an unreasonable application of, clearly established Federal

13 law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was

14 based on an unreasonable determination of the facts in light of the evidence presented in the State

15 Court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the court finds that this contention provides

16 no basis for habeas corpus relief.

   Psychiatric Evaluation
17
           Petitioner contends that he was deprived of his right to a fair trial because he did not receive a
18
   psychiatric evaluation after he entered a plea of insanity.  Respondent acknowledges that this claim is
19
   unexhausted, but asks the court to deny the contention on the merits.
20
           It is undisputed that Petitioner did not enter a plea of insanity in the present case.  Respondent
21
   explains that Petitioner entered his plea of not guilty by reason of insanity in another Kings County
22
   Superior Court case, case number 02CM7669.   Prior to the jury's deliberations in that case
23
   concerning Petitioner's sanity, the trial court granted the prosecution's motion to dismiss the charges
24
   alleged in the case.  Therefore, Petitioner was never convicted and never sentenced on the charges in
25
   case number 02CM7669, the case in which he entered his plea of guilty.
26
           In light of Respondent's explanation, which remains unchallenged by Petitioner, the court
27
   finds this contention to be meritless.  It therefore presents no basis for habeas corpus relief.
28

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)      That the petition for writ of habeas corpus be DENIED;

2)      That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 21, 2008**          _____**/s/  William M. Wunderlich**_____
                                   UNITED STATES MAGISTRATE JUDGE